# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**KENNY R. BELCHER**
**Claimant Below, Petitioner**

**FILED**
April 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 12-1083**  (Board of Review Appeal No. 2047062 & 2047115)
(Claim No.  2011037121)

**A T MASSEY COAL COMPANY, INC.**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Kenny R. Belcher, by Anne L. Wandling, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. A T Massey Coal Company, Inc. by Bradley A. Crouser, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 24, 2012, in which the Board affirmed a March 12, 2012, Order and an April 10, 2012, Order of the Workers' Compensation Office of Judges. In its March 12, 2012, Order, the Office of Judges affirmed the claims administrator's August 22, 2011, decision denying Mr. Belcher's request to add retinal detachment as a compensable component in his claim. In its April 10, 2012, Order, the Office of Judges affirmed the claims administrator's June 6, 2011, and August 9, 2011, decisions holding Mr. Belcher's claim compensable for only sprain of the neck and denying his request for right eye surgery. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Belcher was employed as a dozer operator for A T Massey Coal Company, Inc., on May 9, 2011, and sustained an injury when his dozer fell from a pile of coal approximately five feet high. The dozer fell on the other side of the pile and was jolted. Mr. Belcher continued working until he finished his shift. Then, he sought treatment at Logan Regional Medical Center. Mr. Belcher's claim was held compensable for neck sprain. On May 16, 2011, Abraham Mitias, M.D., performed a surgical repair of Mr. Belcher's detached retina. The claims administrator

1

denied Mr. Belcher's request for right eye surgery and his request to add retinal detachment as a compensable component.

The Office of Judges affirmed the claims administrator's Order dated August 22, 2011, and held that the retinal detachment was unrelated to the compensable injury of May 9, 2011. The Office of Judges affirmed the claim administrator's Orders dated June 6, 2011, and August 9, 2011, and held that the Office of Judges' Order dated March 12, 2012, precluded adding retinal detachment as a compensable component and that treatment may not be authorized for a condition which is found to be unrelated to a compensable injury. Mr. Belcher disagrees and asserts that the preponderance of the evidence establishes that his detached retina was a direct proximate result of the trauma he suffered at work on May 9, 2011. A T Massey Coal Company, Inc., maintains that the preponderance of the evidence demonstrates that the May 9, 2011, injury caused a neck strain, not an injury to his right eye retina.

In an Office of Judges' Order dated March 12, 2012, the Office of Judges noted that R. Mark Hatfield, M.D. opined that the retinal detachment was not caused by the events of May 9, 2011, did not have the appearance of a fresh acute retinal detachment rather it was chronic in nature. Dr. Hatfield stated that he explained to Mr. Belcher that typically it requires significant direct eye trauma to induce a detachment as a result of an injury. Notes from Carlton Wood, O.D.'s office on October 12, 2010, provide that Mr. Belcher complained of dry eye and that he reported a history of floaters for the last three weeks. Dr. Wood diagnosed the claimant with vitreous floaters, benign. Prasadarao Mukkamala, M.D. concluded that the retinal detachment was chronic and therefore, could not be causally related to the compensable injury of May 9, 2011.

Mr. Belcher introduced an undated Internet printout from WebMD stating that an eye or head injury, eye disease, or conditions such as diabetes could cause retinal detachment at any age. Michael Beres, M.D., testified in a deposition that that prior to May 9, 2011, Mr. Belcher had normal visual acuity and opined that his sudden loss of visual acuity on the date of injury was strong evidence that his retinal detachment was due to the compensable injury on May 9, 2011. The Office of Judges found Mr. Belcher's Internet printouts from WebMD to be insufficient evidence to conclusively prove that his retinal detachment was related to his compensable injury and that Dr. Beres's opinion that the retinal tear must have been caused by the May 9, 2011, injury, was less persuasive than the records and letters of Dr. Hatfield and Dr. Mitias finding the retinal detachment to be chronic in nature and pre-existing the compensable injury. The Office of Judges noted that Dr. Beres admitted that he was not a retinal specialist and that he referred Mr. Belcher to specialists. The Office of Judges held that retinal detachment was not a compensable component.

In an Office of Judges' Order dated April 10, 2012, the Office of Judges found the issue of adding detached retina as a compensable component was res judicata and that the denial of detached retina was the law of the case per the Office of Judges' Order dated March 12, 2012. The Office of Judges noted that Dr. Hatfield opined that upon his examination of Mr. Belcher one day after the compensable injury the retinal tear appeared to be chronic with the appearance of being present several weeks or several months. The Office of Judges held that the requested

2

right eye surgery is for a condition which has been found not compensable and therefore, is sufficient reason to be denied.

The Office of Judges held that retinal detachment was not a compensable component and that the requested right eye surgery is for a condition which has been found not compensable. The Board of Review reached the same reasoned conclusions in its decision of August 24, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: April 18, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

Justice Brent D. Benjamin, disqualified.